IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **FRIES BROTHERS, INC.** | : | |
| | : | Chief Judge Dlott |
| Plaintiff, | : | |
| | : | Case No.  1:14cv00067 |
| vs. | : | |
| | : | ORDER GRANTING IN PART |
| **BAKER PRODUCE, LLC, et al.** | : | AND DENYING IN PART MOTION |
| | : | FOR TEMPORARY RESTRAINING |
| Defendants. | : | ORDER |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 2) ("TRO Motion") and the attached Affidavit of Julia McLachlan filed by Plaintiff Fries Brothers Inc. ("Fries").  The Court considered the TRO Motion, the McLachlan Affidavit, and all related pleadings.  Additionally, the Court held a telephonic hearing on this matter on January 24, 2014, at which counsel for Plaintiff and the individual Defendants, Ronald and Holly Baker, appearing *pro se*, were present.

Federal Rule of Civil Procedure 65 authorizes the Court to grant preliminary injunctive relief including relief in the form of a temporary restraining order.  A district court is to consider the following four factors when deciding to issue such an order:  (1) whether the movant has demonstrated a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief.  *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  "[T]he four considerations applicable to preliminary injunctions are factors to be balanced and not prerequisites that must be satisfied. . . .  These factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 859 (6th Cir. 1992) (citations omitted).

As to the likelihood of success on the merits, the McLachlan Affidavit demonstrates that Defendants Baker Produce, LLC, by and through its principals Defendants Ronald Baker and Holly A. Baker (collectively "Defendants'), purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a–499t, as amended (1984 & Supp. 1997) (the "PACA").

These same pleadings and supporting documents establish that Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, it appears to this Court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §§ 499e(c) and that such dissipation will continue in the absence of injunctive relief.

The third and fourth factors for the Court to consider both support the issuance of injunctive relief. Accordingly, The Court finds that a Temporary Restraining Order is warranted.

However, the Court finds that certain aspects of the relief requested by Plaintiff are inappropriate at this stage, including Plaintiffs request for:

> An Order directing Defendants to pay Plaintiff through counsel, or to deposit into the Court registry the principal amount of $143,788.23, which represents monies subject to the aforementioned statutory trust, including all receivables and monies currently in the possession of Defendants from the sale of perishable agricultural commodities or, if such funds cannot be deposited with the Court, in an interest bearing escrow account with a federally insured financial institution.

(Doc. 2 at Page ID # 92.) A similar request was found to be inappropriate in *Frio Ice, S.A., v. Sunfruit, Inc.*, 918 F.2d 154, 165, 159 (11th Cir. 1990), a leading and often-followed case involving claims for injunctive relief based on the PACA. In *Frio Ice*, the Eleventh Circuit held that the plaintiff's request for "only the segregation of sufficient funds to cover its own claims against" the defendant should be denied on the basis that "[s]egregation of only part of the trust

solely to accommodate a beneficiary's singular interest is inappropriate because the statutory trust exists for the benefit of all unpaid produce suppliers." *Id*. at 159.

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Temporary Restraining Order.

**IT IS HEREBY ORDERED:**

1. Defendants Ronald Baker and Holly A. Baker, individually, and Baker Produce LLC (collectively, the "Defendants"), their respective agents, officers, assigns, and any of their banking institutions are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA until further order of this Court. Under 7 U.S.C. § 499e(c)(2) of the PACA, the assets subject to this order include all of the assets of Defendants unless DEFENDANTS can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

2. Further, Defendants are ordered to escrow all proceeds from the sales of any and all assets covered by or subject to the trust provisions of the PACA and to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim.

3. Defendants also are ordered to produce to the Court and to the Plaintiff within five (5) business days of this Order a current and detailed accounting and inventory of its receivables and assets, including without limitation all accounts receivable, monies, bank accounts, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.[1]

---

[1] *See Frio Ice*, 918 F.2d at 159 (citing 7 U.S.C. § 499(e)(c)(3)).

4. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions which have filed a UCC security interest on Defendants' assets or with whom Defendants or any of them maintain a depository account or who may be holding any assets for or on behalf of any of the Defendants.

5. Because Defendants already possess $143,788.23 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $0.00.

6. A Preliminary Injunction Hearing is hereby set for February 5, 2014 at 1:30 p.m., in Courtroom 7, Room 117, of the Potter Stewart U.S. Courthouse, 100 E. Fifth Street, Cincinnati, Ohio 45202.

7. Plaintiff shall serve a true and correct copy of this Order on all Defendants, including their respective counsel should they retain counsel prior to the Preliminary Injunction Hearing, by certified mail.

**IT IS SO ORDERED.**

    S/Susan J. Dlott_____
    Chief Judge Susan J. Dlott
    United States District Court